■  In the Matter of HYMAN WOLFSON, Appellant, against STATE EDUCATION DEPARTMENT, Respondent.— Appeal from a decision of a Special Term, Albany County Supreme Court. For over 60 years with the exception of a short and carefully prescribed period, the successful passing of an examination has been necessary in New York to become a certified public accountant. Petitioner, who has not passed the examination and has not presented to the State Education Department evidence of acceptable accounting experience argues that a construction of the words of Education Law (§ 7403, subd. 2, as amd. by L. 1959, ch. 718) would have permitted his certification while that statute was effective without examination and without evidence of accounting experience. The court at Special Term has dismissed the petition. It is necessary to examine the language to understand the argument. The pertinent language is as follows: "§ 7403 * * * 2. An individual shall not be eligible to apply for a certificate as certified public accountant unless he has satisfactorily completed a four-year high school course approved by the department for this purpose or the equivalent as determined by the commissioner, and either (a) has been graduated from a college, offering a curriculum in accounting which shall have been registered by the department, or (b) has been graduated from college and has had equivalent college training in accountancy as determined by the commissioner and has the professional experience required by the regulations of the commissioner and passes the examination required by the department". Petitioner's argument requires that the two alternatives attached separately to (a) and (b) following the word "either" be read so that all the language following (b) fully to the end of the sentence is an alternative to the language attached to (a). To read the language this way a person who merely graduates from a college which offers a curriculum in accounting "registered" by the department would be entitled to become a certified public accountant with neither the usual accounting experience nor any qualifying examination, while a college graduate who has "equivalent college training in accountancy as determined by the commissioner" must pass an examination and also have qualifying experience. Such a distinction does not make sense as a matter of legislative policy looking at the language itself; and when the entirely different purpose which led to the enactment of the 1959 amendment is seen, together with the long history of regulation of public accountancy, it is perfectly apparent that the Legislature had no such distinction in mind as that for which the petitioner argues. It seems obvious that punctuation was left out of the text after the word "commissioner" in the part attached to (b). But punctuation is not the only means of separating thought in the English language. The conjunction "and" is often used for this purpose and meaning depends on the sense of the other words. Here the (a) and (b) following "either" were both concerned with formal college pre-training for accountancy or its equivalent. But after the word "commissioner" the conjunction "and" introduced a different idea, i.e., the professional experience beyond formal education; the second "and" introduced a still different idea — the examination. Internal construction of the language of the sentence, without any resort to past general legislative history or policy, indicates that the meaning petitioner places on the words does not reflect legislative intention. Order unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.